IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-CV-147

M. PETER LEIFERT, THE NORTH
CAROLINA GREEN PARTY, THE GREEN
PARTY OF THE UNITED STATES, AND
BRIAN IRVING,[1]

Plaintiffs,

v.

KIM WESTBROOK STRACH in her official
capacity as Executive Director of the North
Carolina State Board of Elections,

Defendant,

DEFENDANT'S OPPOSITION TO
MOTION FOR LEAVE TO FILE
FIFTH AMENDED
COMPLAINT

NOW COMES defendant, KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, by and through her undersigned counsel, and hereby opposes Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Doc. #45). The Amendment is futile as Plaintiffs seek to add another count to the Complaint that is clearly barred by Eleventh Amendment as established by the Supreme Court in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Moreover, Plaintiffs continue to attempt to amend their Complaint to add counts and change their arguments to match the shifting legal landscape of elections in North Carolina. It would be more appropriate for Plaintiffs to move to dismiss this action without prejudice until the applicable statutes and facts have stabilized.

---

[1] On 21 November 2017 Plaintiffs filed a "Notice of Withdrawal of Plaintiffs" purporting to withdraw the Constitution Party of North Carolina and the Constitution Party of the United States. (Doc. #43) The Notice did not withdraw Brian Irving although the caption of the Notice and Plaintiffs' subsequent filings do not include him. It is unclear as to whether he remains a Plaintiff.

Plaintiffs once again seek to amend their complaint for a fifth time even though their attempt to file a fourth amended complaint and Defendant's Motion to Dismiss remains pending.[2] Defendant has maintained throughout its motions to dismiss and supporting memorandums (s*ee* Docs #14, #15, #32, #33) that the various amended complaints have failed to state a claim that is legally feasible. Plaintiffs' amendments have not cured these deficiencies, and they have not sought to do so. Rather, Plaintiffs continue to add additional unsupported and meritless claims.

In their latest amendment, Plaintiffs seek to add a claim seeking enforcement of N.C.G.S. § 163A-950(a)(3) by "Directing that the Green Party of North Carolina be deemed the be a recognized party…". *See* Fifth Amended Complaint at ¶ 108(a)(Doc. #45-1). Plaintiffs assert that Defendant Strach is violating this state statute. *See* Motion for Leave at 3 ("…Plaintiffs now seek leave to file a Fifth Amended Complaint incorporating a claim for relief of this violation of the statute.") Adding this claim would be futile. The Eleventh Amendment protects states from being sued in federal court for enforcement of state statutes. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)("a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment")

Plaintiffs also assert that a Fifth Amended Complaint is needed to revise the statutory citations in their complaint to the re-codification under Session Law 2017-6. This

---

[2] On 8 September 2017, Defendant Strach moved to dismiss Plaintiffs' Third Amended Complaint. (Doc. #s 32 & 33). Plaintiffs opposed (Doc. #34) and Defendant Strach replied to the Opposition. (Doc. 36). On 7 November 2017, Plaintiffs filed a Fourth Amended Complaint without first seeking leave to do so. (Doc. #40). Defendant moved to strike the Fourth Amended Complaint. (Doc. #41) Plaintiffs opposed. The motions remain pending.

2

basis for an amendment is insufficient, and would prejudice Defendant as it would restart the pleading and briefing schedule although Defendant has previously moved to dismiss Plaintiffs prior complaints. Plaintiffs do not cite to any case law or legal basis allowing an amended complaint to revise statutory citations to confirm to a recent re-codification. Moreover, such an amendment would be futile as well. The North Carolina Supreme Court recently ruled that Session Law 2017-6 is unconstitutional, at least in part. *See Cooper v. Berger*, 52PA17-2. This ruling may likely result in changes to the statutory codification again.

Plaintiffs' continuing amendments are futile, especially in light of Defendant's Motions to Dismiss, and allowing yet another amendment is contrary to law and prejudicial to Defendant.

This the 6th day of February, 2018.

JOSHUA H. STEIN
Attorney General

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter, including:

Alan P. Woodruff, Esq.
Counsel for Plaintiffs
3394 Laurel Lane SE
Southport, NC 28461
910-854-0329
alan.jd.llm@gmail.com

S. Mark Henkle
MARTINEAU KING, PLLC
8701 Red Oak Blvd.
P.O. Box 31188
Charlotte, NC 28231
mhenkle@martineauking.com

This the 6th day of February, 2018.

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General

4