IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Case No.: 1:17-cv-00147 WO/JLW

| | |
|---|---|
| M. PETER LEIFERT, the NORTH CAROLINA GREEN PARTY, the GREEN PARTY OF THE UNITED STATES, <br><br> Plaintiffs <br> Vs. <br><br> KIM WESTBROOK STRACH in her official capacity as Executive Director of the North Carolina State Board of Elections <br> **Defendant** | PLAINTIFFS' REPLY IN SUPPORT OF MOTION FILE FIFTH AMENDED COMPLAINT |

**COME NOW**, Plaintiffs, **M. PETER LEIFERT, NORTH CAROLINA GREEN PARTY** and the **GREEN PARTY OF THE UNITED STATES** and file this memorandum in support of their motion to file a fifth amended complaint and say:

The statutes at issue in this case have been amended on multiple occasions since this Complaint was first filed.[1] These legislative changes have both (1) negated claims asserted in prior versions of the Complaint and (2) introduced new causes of action. Defendant does not dispute these facts. However, rather than accept that these legislative changes justify amendments to the Complaint, Defendant asserts that *"[i]t would be more appropriate for Plaintiffs to move to dismiss this action without prejudice until the applicable statutes and facts have stabilized."* (Doc. 46; p-1.) Defendant does not assert any reason why voluntary dismissal would be more appropriate than merely filing an amended Complaint. In fact, Defendant's contention is frivolous because the parties have no way of knowing when the "facts have stabilized."

Defendants purport to offer two (2) reasons why the Plaintiffs' proposed amended Complaint would be futile, but fail to offer any arguments that are relevant to Plaintiffs' motion.

---

[1] *See* 2017 *N.C. Sess. Laws.* 2017-6 *and* 2017 *N.C. Sess. Laws.* 2017-214.

Page 1

**FIRST**, Defendant argues that Plaintiffs' proposed new claim is barred by the Eleventh Amendment to the U.S. Constitution. However, Defendant does nothing more than offer the naked assertion that *"[t]he Eleventh Amendment protects states from being sued in federal court for enforcement of state statutes."* [Doc. 46; p-2] Plaintiffs' do not dispute Defendant's statement of the law, but note that the proposed Fifth Amended Complaint does not assert facts that can only be construed as a violation of the Eleventh Amendment. The only Defendant in this action is an individual agent of the State --- and a proper person against whom Plaintiffs' claim should be asserted. An action against this officer with proximity to and responsibility for a challenged statute is not subject to the Eleventh Amendment.[2]

Whether the Eleventh Amendment is even implicated also depends on the legal theory under which Plaintiff is proceeding. A Plaintiff is required to plead the elements of a cause of action, but a Plaintiff is under no obligation to specify the theory under which it is proceeding. Defendant does not even attempt to argue that Plaintiffs cannot obtain relief against the named defendant without violating the Eleventh Amendment. In any event, to the extent that Defendant's argument has any merit it is predicated on a question of law that is not a justification for denying a motion to amend a complaint.

**SECOND**, Defendant contends that the recodification of the election statutes does not justify the amendment of Plaintiffs' Complaint. However, the major claims asserted by Plaintiffs relate to the actual wording of identified statutes. Unless the complaint is amended to reflect the correct statutory references, no Answer filed by Defendant will have any meaning. Also, additional claims have arisen as a result of this recodification.

Defendant also contends that an amendment to reflect the current codification of the statutes would likely be futile because an action pending in state court "*may likely result in changes to the statutory codification again."* [Doc. 46; p-3] (Emphasis added).[3] In other words, Defendant opposes the filing of a fifth amended Complaint because future legislative

---

[2] *See ActionNC v. Strach*, 216 F. Supp. 3d 597 (M.D.N.C. 2016).
[3] Defendant cites to *Cooper v. Berger*, 52PA17-2 generally but does not cite any specific portion for the various rulings in that case that support Defendants' assertion.

or statutory changes may require further amendments. If this principle governed the amendment of complaints, neither the court nor the parties would ever know when law had become sufficiently stabilized to justify a complaint that states a wholly actionable claim.

Defendant specifically states that:

> *"Defendant has maintained throughout its motions to dismiss and supporting memorandums …that the various amended complaints have failed to state a claim that is legally feasible. Plaintiffs' amendments have not cured these deficiencies, and they have not sought to do so."* [Doc. 46; p-2]

The court has not ruled on any of Defendant's motions. Accordingly, there is no basis for Defendant's assertion that any of Plaintiffs' claims are not legally cognizable. Defendant's tactics, and changes in the legislation, have delayed this action for over a year. Any further delay will make it impossible to resolve any of the issues presented in this case in time for the Plaintiffs to participate in upcoming elections.

**WHEREFORE**, the Plaintiffs pray unto the Court as follows:
(1) That the Court grant Plaintiffs' motion for leave to amend
(2) That the Court accept Plaintiffs Fifth Amended Complaint;
(3) That the Court direct Defendant to file an *Answer* within 21 days after the acceptance of such amended Complaint; and
(4) That the Court grant such other and further relief as the Court deems just and proper.

____s/s/ S. Mark Henkle____
S. Mark Henkle, Esq
Counsel for Plaintiffs
Martineau King, PLLC
8701 Red Oak Blvd.
P.O. Box 31188
Charlotte, North Carolina 28231
704-247-8525
mhenkle@mantineauking.com

___/s/s/_Alan P. Woodruff___
Alan P. Woodruff, Esq.
Counsel for Plaintiffs
3394 Laurel Lane S.E.
Southport, North Carolina 28461

(910) 854-0329
alan.jd.llm@gmail.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and exact copy of the foregoing was served on all counsel of record and interested parties including James Bernier, Jr. Esq., counsel for defendants, Assistant Attorney General, N.C. Department of Justice, P.O. Box 629, Raleigh, North Carolina, 27602-0692 via the Court's CM/ECF e-mail notification system on the 17th day of February, 2018.

___s/s Alan P. Woodruff_____
Alan P. Woodruff, Esq