IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:17-cv-147

| | |
|---|---|
| M. PETER LEIFERT, THE NORTH CAROLINA GREEN PARTY, AND THE GREEN PARTY OF THE UNITED STATES,<br><br>               Plaintiffs,<br><br>   v.<br><br>KIM WESTBROOK STRACH in her official capacity as Executive Director of the North Carolina State Board of Elections,<br><br>            Defendant, | PLAINTIFFS'<br>STATUS REPORT |

**COME NOW**, counsel for the Parties, pursuant to the Court's text order of April 20, 2018, and file this Joint Status Report and state as follows:

<u>**Pleadings Involved in this Action**</u>

1.      On June 6, 2017, the Court held a status conference on the Second Amended complaint. At that time, Plaintiffs advised the Court that pending legislation would substantially change the issues in dispute. The Court entered a Minute Order staying the matter "until the end of the legislative session or the passage of new legislation." The Court further instructed, "Plaintiff is to file a notice to the Court, whenever or whichever first occurs, the end of the session or new legislation. If new legislation is passed, plaintiff will be given a period of thirty (30) days to amend his complaint. If no new legislation is passed, the stay will be lifted at the end of the legislative session."

2.      No action was taken on the relevant pending legislation, S 656, at the August, 2017 meeting of the General Assembly.  Plaintiffs filed a motion to file a Third Amended Complaint. [ECF Doc. 23].  That motion was granted [Doc. 24] and a Third Amended Complaint [ECF Doc. 25] was filed on August 9, 2017.  Defendant filed a motion to dismiss [ECF Doc. 32] on September 8, 2017 and Plaintiffs filed a Response [ECF Doc. 34] on September 20, 2017.

3.      Defendant's motion to dismiss the Third Amended Complaint remains pending.  On the record, the currently operative Complaint is Plaintiffs' Third Amended Complaint. [ECF Doc. 25]

4.      On October 5, both houses of the General Assembly approved legislation that materially changed NCGS §163-96(a) (2017) and NCGS §163-122(a) (2017), both of which were challenged in the Third Amended Complaint. That bill, S 656, was vetoed by the governor. On October 16 and 17, 2017, the North Carolina General Assembly overrode the Governor's veto.

5.      Plaintiffs' construed the June 6, 2017 Minute Order as authority to file an amended complaint addressing the changes made by the legislature.  Accordingly, Plaintiffs filed a Fourth Amended Complaint [ECF Doc. 40; November 7, 2017] without filing a separate motion seeking leave to file it. Defendant filed a motion to strike the Fourth Amended Complaint [ECF Doc. 41] based on the fact that it had been filed without first seeking leave of the Court.

6.      Following the enactment of S 565, the election code was recodified. Plaintiffs filed a motion [ECF Doc. 45; January 22, 2018] seeking leave to file a Fifth Amended

Complaint that refers to the new statute references and to add another claim seeking the recognition of the North Carolina Green Party. Defendant filed an objection to this motion. [ECF Doc. 46]. Neither Plaintiffs' motion nor Defendant's opposition have been considered by the Court.

## Filings Agreed to Be Moot

7.    The Parties agree that the following motions and/or filings are moot:

    a.    ECF Doc. 14 – Defendant's Motion to Dismiss Second Amended Complaint;

    b.    ECF Doc. 19 – Consent Motion to Expedite Ruling on Defendant's Motion to Dismiss;

    c.    ECF Doc. 32 – Defendant's Motion to Dismiss Third Amended Complaint;

    d.    ECF Doc. 35 – Motion to Stay Consideration of Motion to Dismiss Third Amended Complaint;

    e.    ECF Doc. 41 – Motion to Strike Fourth Amended Complaint;

    f.    ECF Doc. 44 – Motion to Expedite Ruling on Defendant's Motion to Strike

## Agreement by Parties regarding ECF Docs to be Addressed by the Court

8.    The Parties agree and consent that this matter may proceed based on Plaintiffs' Fifth Amended Complaint, [ECF Doc. 45] with the exception of Count VII therein.

9.      In their proposed Fifth Amended Complaint [ECF Doc. 40-1] Plaintiffs also included a new claim [Count VII] seeking recognition of the North Carolina Green Party pursuant to the provisions of the newly amended NCGS §163A-950(a)(3).  Plaintiffs also filed an emergency motion for injunctive relief on Count VII [ECF Doc. 49].  On March 29, 2018, the North Carolina Green Party was officially recognized by the North Carolina State Board of Elections & Ethics Enforcement and the relevant count in the proposed Fifth Amended Complaint and emergency motion for relief on that claim were rendered moot.  Plaintiffs have filed a withdrawal of their motion for relief on Count VII.  [ECF Doc. 53].

## Disagreement By Parties Regarding the Effect of North Carolina Green Party Recognition

### Plaintiffs' Contentions Regarding the Effect of N.C. Green Party Recognition

10.      Plaintiffs acknowledge that, for reasons stated above, Count VII of the Fifth Amended Complaint is moot.  As stated below, Defendant contends that the recognition of the North Carolina Green Party renders all claims moot.  However, Plaintiffs assert that three categories of issues remain unresolved.  In the Fifth Amended Complaint, the three categories are: (1) claims related to the candidacy of an individual candidate – in this case Plaintiff Peter Leifert; (2) claims that challenge the constitutionality of certain statutes based on ambiguities and inconsistency in their language are relate to the retention of status as a recognized party and (3) claims that certain statutes unconstitutionally discriminate between the rights of recognized parties and their candidates and the rights of unrecognized parties and their candidates.

11.      The first class of claims include:

a. Count I-A in which Plaintiff Leifert challenges (a) the number of petition signatures required of an independent candidate[1]; (b) the statutory limitation on the condition predicate for a candidate to be an independent candidate and (c) the filing deadline for independent candidate petitions.

b. Count I-B in which Plaintiff Leifert challenges the constitutionality of statutory language establishing the requirements that must be satisfied in filings by a prospective independent candidate on the grounds that the challenged statute, NCGS §163-1005(a) contains provisions that are internally inconsistent and that the requirements are therefore unconstitutionally vague.

12.     Count II in which Plaintiff Leifert challenges the constitutionality of NCGS §163A-950 which limits the ability of voters to register an affiliation with an unrecognized party[2].

13.     Count IV in which Plaintiff Leifert challenges the constitutionality of North Carolina's petition signature requirement for prospective write-in candidates.

14.      The second class of claims include:

15.     Count V in which Plaintiff Green Party challenges the constitutionality of the provisions of NCGS §163A-953 establishing the requirements that must be satisfied by a newly recognized party in nominating its candidates in the first year in which it is a

---

[1]     Controlling case authority has already held that a statute having requirements that are functionally indistinguishable from those of the challenged statute are unconstitutional.
[2]     Plaintiff Leifert has specifically pled that he desired to register an affiliation with a currently unrecognized party.

recognized political party and the filing requirements to have those candidates listed on the ballot. **A resolution of these issues is essential to enable the Green Party to participate effectively in the 2018 general election.** Integral to the issues presented in Count V are issues relating to inconsistencies between the *statutory* requirements for the candidates of recognized parties to participate in primary election and the *regulations* that govern the requirements that must be satisfied by such candidates.

16. Count VI in which Plaintiff Green Party challenges the constitutionality of the language governing the retention of a party's status as a *political* party if it fails to satisfy the requirements of NCGS §163A-951 relative to the requirements for retaining its status as a *recognized* party.

17. The third class of claims includes: Count III in which both Plaintiffs challenge, on equal protection grounds, the constitutionality of NCGS §163A-871 which provides for free voter registration lists to be provided to recognized parties and their candidates but requires unrecognized parties and their candidates to pay a fee for these lists.

**Defendant's Contention Regarding the Effect of N.C. Green Party Recognition**

18. Defendant asserts that this litigation is now moot. Defendant contends that any controversy that initially existing at the time the lawsuit was filed is no longer "live" due to the recognition of the North Carolina Green Party as an official party of North Carolina. Because this matter is moot, and no exceptions apply, this court no longer has jurisdiction. Defendant contends that the matter is subject to dismissal without prejudice.

Respectfully submitted this the 27ᵗʰ day of April 2018.

/                                        s/ S. Mark Henkle
                                         S. Mark Henkle, Esq.
                                         *Counsel for Plaintiffs*
                                         N.C. State Bar No.:49265
                                         Martineau King, PLLC
                                         P.O. Box 31188
                                         Charlotte, NC 28231
                                         (704) 247-8525
                                         mhenkle@martineauking.com

                                         /s/ Alan P. Woodruff
                                         Alan P. Woodruff, Esq.
                                         LEAD ATTORNEY
                                         *Counsel for Plaintiffs*
                                         Admitted *Pro Hac Vice*
                                         3394 Laurel Lane SE
                                         Southport, NC 28461
                                         (910) 854-0329
                                         alan.jd.llm@gmail.com