IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| M. PETER LEIFERT, NORTH CAROLINA GREEN PARTY, and GREEN PARTY OF THE UNITED STATES, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:17CV147 |
| KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, | ) ) ) ) ) | |
| Defendant. | ) | |

## NOTICE

Defendant has moved to dismiss Plaintiffs' Fifth Amended Complaint pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6). (See Doc. 58.) In part, Defendant argues that Plaintiffs lack standing to challenge certain statutory restrictions applying only to unrecognized parties because "[t]he North Carolina Green Party was recently recognized under N.C. Gen. Stat. § 163A-950 as an official party in North Carolina." (Doc. 59 at 10.) Although Plaintiffs appear to concede that the North Carolina Green Party is now a recognized political party, (see Doc. 57 ¶ 5), Plaintiffs nevertheless have briefed this case as though the party is still unrecognized, (see, e.g., Doc. 60 at 23 ("Mr. Leifert, as a candidate for an

unrecognized party would be affected an [sic] a personal way.") (emphasis added).)

This court is considering dismissing at least certain counts (specifically, Counts II and III) on standing, mootness and related grounds due to the North Carolina Green Party's recent recognition under N.C. Gen. Stat. § 163A-950(a)(3). However, Plaintiffs have failed to substantively respond to Defendant's standing arguments in that regard. This court will therefore permit Plaintiffs to file a supplemental brief of no more than seven (7) pages explaining why Plaintiffs have standing to challenge statutory provisions that apply only to unrecognized parties.

Specifically, this court expects Plaintiffs to address the established principle "that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court," New York v. Ferber, 458 U.S. 747, 767 (1982), and "its closely related corollary that a litigant may only assert his own constitutional rights or immunities," United States v. Raines, 362 U.S. 17, 22 (1960).

Should Plaintiffs fail to file such a brief, this court will consider the issue conceded. Defendant may, but is not

required to, file a response of no more than five (5) pages to any supplemental brief filed by Plaintiffs.

**IT IS THEREFORE ORDERED** that Plaintiffs may file a supplemental brief of no more than seven (7) pages addressing the issues raised herein, within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that, should Plaintiffs file a supplemental brief as permitted, Defendant may, but is not required to, file a response of no more than five (5) pages, within ten (10) days of the date that Plaintiffs' supplemental brief is filed.

This the 24th day of April, 2019.

/s/ William L. Osteen, Jr.
United States District Judge